UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CINDY GOLDBERG**,

    Plaintiff,

v.                                                            **Case No. 8:04-CV-2552-T-17EAJ**

**THE AVAYA, INC. LONG-TERM
DISABILITY PLAN, by and through
the Claim Administrator, GATES
MCDONALD,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Before the court is **Defendant's Motion to Set Aside Default Judgment and Memorandum of Law** (Dkt. 10), filed on June 27, 2005.  Plaintiff filed a memorandum in opposition on July 6, 2005 (Dkt. 11).  Defendant's motion was referred to the undersigned for an evidentiary hearing and report and recommendation on September 9, 2005 (Dkt. 12).  The undersigned held an evidentiary hearing on September 28, 2005 (Dkt. 14).

    Upon due consideration of the testimony and exhibits presented at the evidentiary hearing, the preponderance of credible evidence demonstrates that Defendant The Avaya, Inc. Long-Term Disability Plan, by and through the Claim Administrator Gates McDonald (hereafter "Gates McDonald")  was served on December 29, 2005 at approximately 12:41 p.m.  At that time, Nathanial Powell, a licensed process server employed by Choice Process-Tampa, presented copies of the complaint and summons to Ricky (Richard) Martin who stated that he was authorized to accept service of process on behalf of the Avaya, Inc. Long Term Disability Plan's claims administrator Gates McDonald.

Although Mr. Martin testified at the evidentiary hearing that he had not been served and had no paperwork evidencing that fact, Mr. Powell's field notes demonstrate that an individual with the same physical description as Mr. Martin was served.[1]  Further, the individual served printed the name "Ricky Martin" on the field notes form.  At the evidentiary hearing, Mr. Martin printed the name "Ricky Martin" as a handwriting exemplar.  (Def.'s Ex. 2).  A comparison of Defendant's Exhibit 2 with the printed name "Ricky Martin" on the field notes shows certain similarities especially in the last three letters of "Martin."

There is no evidence that Mr. Powell knew Mr. Martin prior to serving him, and Mr. Powell would not have had any other reason to be aware of Mr. Martin's physical description.  Although Defendant offered vague testimony that another person fitting Mr. Martin's description was employed by Defendant at the same time period (and is no longer employed there), this is too slim a reed on which to support a finding that someone masquerading as "Ricky Martin" accepted service for Defendant.  Mr. Martin admitted that he was at work that day, and Mr. Powell testified that it was Mr. Martin who he served.[2]

As the order of referral encompassed only the factual issue of whether Defendant was served (in light of the conflicting affidavits filed with the court), it is recommended that that issue be

---

[1] The field notes contained the following description: age 40, sex M, race Black, height 6' 2", weight 225 lb., and hair light.  The comment as to whether the person served wore glasses is unclear.  Mr. Martin testified that he is 6' 2¼" and weighs 278 pounds.  His hair color appears to be dark; however, Mr. Powell's description of what he considers "light" hair is consistent with an individual who has some grey in his hair.  Any discrepancy in Mr. Powell's description of Mr. Martin's hair color is insufficient to cast doubt on the conclusion that Mr. Martin was properly served, due to the other evidence presented.

[2] While crediting Mr. Powell's testimony over that of Mr. Martin on the issue of service, the circumstances are more suggestive of forgetfulness rather than an intent to deceive on the part of Mr. Martin.

resolved in favor of Plaintiff and against Defendant.  The court does not make any other findings or recommendations, including any finding of excusable neglect sufficient to set aside the default.

**DONE AND ORDERED** in Tampa, Florida on this 5th day of October, 2005.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a <u>de novo</u> determination by a District Judge.  See 28 U.S.C. 636 (b)(1).